UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Brittney D. Brooks,<br><br>                Plaintiff,<br>vs.<br><br>Louis DeJoy,<br><br>                Defendant. | **CASE NO. 2:24-cv-01864-MDC**<br><br>**ORDER SCREENING PLAINTIFF'S COMPLAINT (ECF NO. 3-1) AND GRANTING HER IFP APPLICATION (ECF NO. 9)** |

The Court previously denied pro se plaintiff Brittney D. Brooks's informa pauperis application ("IFP") and ordered her to file the long form. *ECF No. 8*. Plaintiff has complied with the Court's Order, so the Court grants plaintiff's renewed IFP Application. *ECF No. 9*. The Court dismisses her complaint without prejudice, and with leave to refile. ECF No. 3-1.

## I. WHETHER PLAINTIFF MAY PROCEED IN FORMA PAUPERIS

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Court ordered the plaintiff to file a new IFP application on the Court's long form. *ECF No. 9*. Plaintiff states that she is unemployed and collects $1,489 a month in Social Security and food stamps benefits. *ECF No. 4 at 2*. She states that she earns around $2,779 a month in income, except that she received $4,607 for the month of December with a holiday bonus. ECF No. 9 at 1 and 9. Plaintiff outlines her expenses for the month and explains that after she pays her expenses, she usually has about $179 a month left over. *Id. at 4-5 and 9*. Plaintiff also says that she is paying $250 a month on payment plan to pay for the attorney that represented her in her earlier Equal Employment Opportunity Commission ("EEOC") case. *Id. at 9*. While it is a close call, the Court will

give plaintiff the benefit of the doubt that she cannot afford the filing fee right now given her expenses and will grant her IFP application.

## II. WHETHER PLAINTIFF'S COMPLAINT STATES A PLAUSIBLE CLAIM

### A. Legal standard

The Court reviews plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

//

B. **Complaint**

Plaintiff alleges that in April 2023, her manager Hornback at the United States Postal Service ("USPS") intensely micromanaged her which caused her anxiety. *ECF No. 3-1 at 4*. She alleges that her manager Erin Hornbach ("Hornbach"), along with another unidentified manager, made dismissive comments about the Juneteenth holiday which reinforced her feelings of discrimination. *Id.* She alleges that on June 12, 2023, a manager named "Tess" had an outburst, and that the outburst, along with Hornback's actions, exacerbated her anxiety and appeared retaliatory for reporting harassment. *Id.* She alleges that in July 2023, Hornback's actions caused her to have a panic attack and migraines, which led to her requesting Family Medical Leave Act ("FMLA") leave due to the ongoing harassment. *Id.* She brings claims against her employer the United States Postal Service for (1) discrimination pursuant to Title VII, (2) violation of the Americans with Disabilities Act ("ADA"), (3) violation of the FMLA, and (4) violation of the Rehabilitation Act. *Id.* Construing her complaint liberally, she also appears to allege claims for retaliation and a hostile work environment. *Id.* She asks for monetary damages, lost wages due to FMLA leave, that her employer cease unlawful practices, accommodations to prevent harassment, and that her managers be required to take awareness training. *Id.* Plaintiff brings her claims against a single defendant, former Postmaster General of the USPS Louis DeJoy.[1]

    a. **Plaintiff's Title VII Claim**

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based on race, color, religion, sex, or national origin and includes provisions against retaliation for asserting rights under the statute. *Fort Bend County, Texas v. Davis*, 587 U.S. 541 (2019). To state a prima facie case,

---

[1] 42 U.S.C. § 2000e-16(c) provides that the only proper defendant in a Title VII claim filed by a federal employee is "the head of the department, agency, or unit, as appropriate," in which the alleged discrimination occurred. 42 U.S.C. § 2000e-16(c). Plaintiff has properly named DeJoy at this time, though the interim Postmaster General is now Doug Tulino.

plaintiff must allege: (a) she belongs to a protected class; (b) she was qualified for the job for which he applied; (c) she was subjected to an adverse employment action; and (d) similarly situated employees not in her protected class received more favorable treatment. See *Shepard v. Marathon Staffing, Inc.*, 2014 U.S. Dist. Lexis 76097, *5 (D. Nev. June 2, 2014) (citing *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006)). Before filing a lawsuit under Title VII, a complainant must first file a charge with the EEOC. *Fort Bend County, Texas*, 587 U.S. at 541. The charge must be filed within 180 days of the alleged unlawful employment practice, or within 300 days if the complainant initially files with a state or local agency. *Fort Bend County, Texas v. Davis*, 587 U.S. 541 (2019).

The U.S. Supreme Court in *Fort Bend County, Texas* held unanimously that the charge-filing requirement **is not** a jurisdictional prerequisite to filing a Title VII case in court. *Id., emphasis added*. Instead, it is a claim-processing rule that must be timely raised by the defendant to be enforced. *Fort Bend County, Texas v. Davis*, 587 U.S. 541 (2019). This distinction is significant because jurisdictional requirements cannot be waived and can be raised at any stage of the proceedings, while procedural requirements can be forfeited if not asserted by the defendant.

In her IPF, plaintiff suggests that she filed an EEOC action. However, plaintiff did not allege in her complaint whether she filed an EECO action. The Supreme Court held that the filing of an EEOC action is not a jurisdictional requirement, but if plaintiff amends, she should plead in her amended complaint to state whether she first filed an action with the EEOC. Reading her complaint liberally, given that she references the Juneteenth holiday, which is a federal holiday to commemorate the ending of slavery in the United States, it appears that plaintiff may be attempting to bring a claim for racial discrimination. Plaintiff, however, does not state what her race is, or what protected class she belongs to, so the Court cannot determine if she is intending to bring a racial discrimination claim. Plaintiff also does not allege facts to show that she was qualified for the job for which he applied. Plaintiff also does

not directly allege any adverse employment action, other than that she was harassed by managers, which is vague. Plaintiff does not allege whether other similarly situated employees not in her protected class received more favorable treatment. For example, if plaintiff is bringing a racial discrimination claim, she does not allege facts about the race of her managers or whether she worked with other people belonging to the same race as her. Plaintiff has not stated a Title VII claim.

### b. Plaintiff's ADA and Rehabilitation Act Claims

"Title II of the ADA prohibits public entities from discriminating on the basis of disability," and "Section 504 [of the Rehabilitation Act] similarly prohibits disability discrimination by recipients of federal funds." *Payan v. Los Angeles Community College District*, 11 F.4th 729, 737 (9th Cir. 2021). To state a claim for violation of Title II or Section 504, a plaintiff must first show that he has a qualifying disability. *Id.* For purposes of the ADA, "disability" is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of the individual." 42 U.S.C. §12102(2)(A) Under the applicable regulations, there are three factors to consider in determining whether an individual is substantially limited in a major life activity: "(i) The nature and severity of the impairment; (ii) The duration or expected duration of the impairment; and (iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." *Sanders v. Arneson Prods., Inc.*, 91 F.3d 1351, 1354 (9th Cir. 1996)(citing 29 CFR § 1630.2(j)(2). A temporary mental health impairment with minimal persistent, continuing effects "cannot be the basis for a sustainable claim under the ADA." *Sanders*, 91 F.3d at 1354. Plaintiff does not allege any disability, nor does she allege discrimination due to disability. Reading her complaint liberally, plaintiff may be attempting to allege that anxiety and panic episodes are disabilities, but it is not clear. Plaintiff's barebone allegations regarding her mental health do not provide notice under Rule 8 regarding any disabilities and whether they substantially limit a major life activity. Thus, the Title II and Section 504 claims fail. The Court

thus dismisses this claim without prejudice, with leave to refile. If plaintiff amends, she must state specific facts about her disabilities and what discrimination she suffered due to her disabilities.

    **c. Plaintiff's FMLA and Potential Retaliation Claims**

The FMLA entitles eligible employees to take up to 12 work weeks of unpaid leave per year for: (A) 'the birth of a son or daughter ... in order to care for such son or daughter,' (B) the adoption or foster-care placement of a child with the employee, (C) the care of a 'spouse ... son, daughter, or parent' with 'a serious health condition,' or (D) the employee's own serious health condition when the condition interferes with the employee's ability to perform at work. *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30, 34, 132 S. Ct. 1327, 182 L. Ed. 2d 296 (2012), citing 29 U.S.C. § 2612(a)(1). Subparagraph (D) is considered the "self-care provision." *Id.* To assert a claim under the FMLA, "a plaintiff must show that (1) he took 'FMLA-protected leave'; and (2) it constituted a 'negative factor' in an adverse employment decision." *Jadwin v. County of Kern*, 610 F. Supp. 2d 1129, 1159 (E.D. Cal. 2009).

Title VII also prohibits taking certain actions against an employee in retaliation for activity protected under Title VII. 42 U.S.C. § 2000e-3(a). In a retaliation claim, the plaintiff must show that he or she engaged in a protected activity, was subjected to adverse employment action and a causal link exists between the two. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008); *Passantino v. Johnson & Johnson*, 212 F.3d 493, 506 (9th Cir. 2000). Plaintiff alleges that she reported harassment and made an FMLA request.. Plaintiff, however, does not say whether her requests was granted or whether she was fired or disciplined. It appears from the allegations that plaintiff may still work for the USPS. It is unclear from her complaint if she is alleging that her employer retaliated against her for taking or requesting FMLA leave. Thus, it is not clear what FMLA violation she is attempting to allege in her complaint. Plaintiff may have attempted to allege a "self-care provision" FMLA claim. It appears that she was able to take FMLA protected leave, but plaintiff has not alleged an adverse employment

decision. To the extent plaintiff attempts to assert a retaliation or FMLA claim, the Court dismisses it with leave to amend so that plaintiff may file an amended complaint with additional facts.

### d. Plaintiff's Potential Hostile Work Environment Claim

Plaintiff alleges that her manager had an outburst and that both managers made comments about Juneteenth. A hostile work environment must be objectively hostile, *i.e.*, a reasonable person would find the environment hostile, and subjectively hostile. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21-22, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993). A hostile work environment claim cannot be maintained where the misconduct is not severe or pervasive enough to create an objectively hostile environment. *Id.* at 21-22. Objective severity is "judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 81, 118 S. Ct. 998, 140 L. Ed. 2d 201 (1998).

Plaintiff's allegations are vague, and while she does provide dates, she does not allege exactly what happened on each occasion. For example, she alleges that one of the managers had an outburst, but she does not describe the outburst in any detail. She also alleges that both managers made comments about Juneteenth, but she does not describe what the comments were. See *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998) (conduct must amount to something more than simple teasing, offhand comments, or isolated incidents (unless extremely serious)). Plaintiff's potential claim for a hostile work environment should be dismissed with leave to amend to correct the noted deficiencies, if possible.

### C. Conclusion

Plaintiff has not articulated any plausible claims. Plaintiff's claims are vague and do not satisfy Rule 8's notice requirements. It is possible that these deficiencies may be cured through amendment. Plaintiff's complaint is dismissed without prejudice. Plaintiff must file an amended complaint

explaining the circumstances of the case, the relief plaintiff seeks, and the law upon which she relies in bringing the case. The amended complaint must be "complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading. LR 15-1(a).

**It is so Ordered:**

1. That plaintiff Brittney D. Brooks's Complaint (ECF No. 3-1) is DISMISSED without prejudice with leave to amend, as discussed in this Order.

2. That plaintiff has until **May 22, 2025**, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal.

3. The Clerk of the Court is directed NOT to issue summons if plaintiff files an amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

DATE: April 22, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**<u>NOTICE</u>[2]**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

---

[2] This is currently a consent case. See *ECF No. 7*. Given plaintiff's pro se status, she may request to have a district judge assigned should she choose to object to this Order.

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**